UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:21-CR-45-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CHRISTIAN LLOYD GOINS, | ) | |
| | ) | |
| Defendant. | | |

\*\*\* \*\*\* \*\*\* \*\*\*

On January 20, 2023, Defendant Christian Lloyd Goins appeared before United States Magistrate Judge Hanly A. Ingram for a final revocation hearing on charges of violating supervised release. *See* DE 11 (Minute Entry for Final Revocation Hearing). Goins admitted to three violations of the conditions of supervised release; the violations turn on drug use and failure to complete a mandated drug abuse treatment program. *See* DE 12 (Report and Recommendations).

Accordingly, Judge Ingram entered a recommended disposition. *See* DE 12. Judge Ingram recommended the Court find Goins guilty of the charged violations, revoke his supervision, and sentence Goins to a term of fourteen months' incarceration, followed by eighteen months of supervised release, the first three of which should be in inpatient substance abuse treatment. *Id.* at 9-10. Goins, on notice, waived allocution and any objection to Judge Ingram's recommendation. *See* DE 12 (Waiver). The Government has not filed any objections. The Court has reviewed the full record and finds the result crafted by Judge Ingram appropriate.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019)

(noting that the Sixth Circuit has "long held that, when a defendant does 'not raise [an] argument in his objections to the magistrate[ judge]'s report and recommendation . . . [he] has [forfeited] his right to raise this issue on appeal.'" (alterations in original) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

Thus, with no objection from any party and on full review of the record, the Court **ORDERS** as follows:

1. The Court **ADOPTS** DE 12;

2. The Court finds Goins **GUILTY** of the charged violations, **REVOKES** his supervision, and **SENTENCES** him to a term of **FOURTEEN MONTHS' INCARCERATION.** After service of that term, Goins shall serve eighteen months of supervised release, the first three months of which should be in inpatient substance abuse treatment at a facility designated by USPO; and

3. The Court will issue a proper judgment.

This the 13th day of February, 2023.



Signed By:
*Robert E. Wier*
**United States District Judge**